**CLD-243**          **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

———————

No. 19-2375

———————

IN RE:  RICHARD ARJUN KAUL,

                                   Petitioner

———————————————————————————

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 18-cv-16485)

———————————————————————————

Submitted Pursuant to Rule 21, Fed. R. App. P.
July 25, 2019

Before: CHAGARES, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  September 27, 2019)

———————

OPINION[*]

———————

PER CURIAM

    Petitioner Richard Kaul seeks a writ of mandamus pursuant to 28 U.S.C. § 1651,

to compel the United States District Court for the District of New Jersey to adjudicate his

appeal of the Bankruptcy Court's order dismissing his adversary proceeding.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

It appears that in September 2018, Kaul filed a pro se adversary proceeding in the Bankruptcy Court against Attorney Daniel Stolz, who is a principal of the firm serving as counsel to the Chapter 7 Bankruptcy Trustee in several related Chapter 7 bankruptcy cases. The Bankruptcy Court dismissed the adversary proceeding in an order entered on November 7, 2018. Kaul filed a notice of appeal from the Bankruptcy Court's order on November 30, 2018, and his District Court proceeding was opened that same day. A review of the District Court's electronic docket reveals that Attorney Stolz thereafter filed a motion on December 17, 2018, seeking to have the appeal dismissed as untimely filed. Kaul responded to that motion on January 3, 2019, and Stolz filed a reply the next day. The motion to dismiss remains pending at this time.

In a petition filed in this Court on June 14, 2019, Kaul requested that the District Court be compelled to promptly dispose of his appeal. Kaul complied with the filing requirements for that petition on July 15, 2019. The petition is thus ripe for disposition.

Mandamus is a drastic remedy available only in extraordinary cases, see In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005), as the petitioner must demonstrate that he has "no other adequate means" to obtain the relief desired and a "clear and indisputable" right to issuance of the writ. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996). Although a District Court has discretion over the management of its docket, see In re Fine Paper Antitrust Litig., 685 F.2d 810, 817-18 (3d Cir. 1982), a federal appellate court "may issue a writ of mandamus on the ground that [the District

2

Court's] undue delay is tantamount to a failure to exercise jurisdiction." <u>Madden</u>, 102 F.3d at 79. Less than eight months have lapsed since Kaul filed his appeal from the Bankruptcy Court's order of dismissal and little more than six months have gone by since the parties completed submission of their filings with respect to Attorney Stolz's motion to dismiss. We do not find a delay of this length troubling in the instant case. We are confident that the District Court will rule on the outstanding motion in due course and dispose of Kaul's appeal without undue delay.

Given the foregoing, the petition will be denied.